**Ni Ji HANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 04–2476–AG.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Gang Zhou, New York, New York, for Petitioner.

Geoffrey J.L. Brown, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Ni Ji Hang ("Hang"), a citizen and national of China, petitions for review of the BIA's April 19, 2004 written order affirming the December 30, 2003 oral decision of an Immigration Judge ("IJ") that rejected Hang's claims for asylum and withholding, and withholding of removal under Article 3 of the Convention Against Torture ("CAT"). The IJ determined that (1) Hang's asylum claim was time barred and, in any event, failed on the merits because Hang was not credible; (2) Hang's withholding of removal claim failed because he did not make out an asylum claim; and (3) there was no objective evidence supporting Hang's CAT claim. The BIA rejected the IJ's adverse credibility finding, but affirmed the IJ's decision and concluded that Hang failed to demonstrate that his life or freedom would be threatened if he is returned to China. Hang's petition for review argues that he would be subject to persecution if he returned to China because of his practice of Falun Gong.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Factual findings are reviewed under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

(1) The untimeliness of Hang's asylum application is not disputed, and in any event, we lack jurisdiction to review the BIA's ruling. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 177–78 (2d Cir.2006); 8 U.S.C. § 1158(a)(3).

(2) Hang's withholding of removal claim fails because substantial evidence supports the BIA's ruling that, based on his practice of and association with Falun Gong, there

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

is no clear probability that his life or freedom would be threaten were he returned to China. 8 U.S.C. § 1231(b)(3)(A).

(3) We lack jurisdiction to consider Hang's CAT claim because he failed to argue that claim on appeal. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (per curiam).

(4) As to his procedural due process claim, Hang had notice and opportunity to present his case at every stage of the administrative process, and the present appeal satisfies the requisite Article III review requirements. *See Zhang v. United States DOJ,* 362 F.3d 155, 159 (2d Cir. 2004) (per curiam).

We have reviewed all of petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is hereby **DENIED,** and any outstanding motion for a stay of removal is hereby **DENIED.**